**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

GERALD WHITAKER,
ADC #141195                                                                                    PLAINTIFF

V.                               5:11CV00117 DPM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Gerald Whitaker, is a prisoner in the Delta Regional Unit of the Arkansas Department of Correction ("ADC"). He has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket

entries #2 and #5. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice.[1]

## II. Discussion

### A. Plaintiff's Claims Regarding His Hernia

Plaintiff alleges that Defendants are failing to provide him with adequate medical care by denying his recent request for surgery to repair a hernia.[2] *See* docket entries #2 and #5. Similarly, he contends that Defendants are subjecting him to cruel

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] In his Amended Complaint, Plaintiff explains that he previously declined surgical correction for his hernia. However, according to Plaintiff, the condition has worsened during his incarceration at the Delta Regional Unit, and he now believes that surgical repair is necessary. *See* docket entry #5.

and unusual punishment by requiring him to work on the hoe squad, despite the physical limitations caused by his hernia. *Id.*

Plaintiff has already raised both of these claims in *Whitaker v. Hobbs,* 5:11CV00016 JLH/JTK, which is still pending in this District.[3] Thus, Plaintiff's duplicative claims regarding his hernia should be dismissed, without prejudiced, from this action.

## B.    Plaintiff's Claims Regarding the Lack of Mental Health Care

Plaintiff contends that *unspecified* individuals at the Delta Regional Unit have denied his requests for mental health care for depression he has endured since the death of his son in September of 2010.[4] *See* docket entries #2 and #5.

Arguably, these alleged facts state a viable § 1983 claim for inadequate mental health care. However, none of the parties named by Plaintiff are proper Defendants

---

[3] On May 16, 2011, the Court entered an Order: (1) directing Plaintiff to file an Amended Complaint providing certain specific information necessary to complete the screening process mandated by § 1915A; and (2) advising him that the case would be dismissed, without prejudice, if he failed to timely and "properly" do so. *Id.* at 7. Specifically, the Order instructed Plaintiff to clarify how the hernia claims he raises in this case are different from those raised in *Whitaker v. Hobbs,* 5:11CV00016 JLH/JTK. Plaintiff did not do so.

[4] Plaintiff contends that he was receiving mental health treatment for this condition while he was in the Cummins Unit, which was where he was incarcerated prior to his March 2011 transfer to the Delta Unit. *See* docket entry #5.

to this § 1983 inadequate medical care claim.[5]

First, Plaintiff has named the Delta Regional Unit and Correctional Medical Services, Inc. ("CMS") as Defendants. It is well settled that state agencies, such as the Delta Regional Unit, are not "persons" amenable to suit under § 1983 for damages or injunctive relief. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Missouri Dep't of Corr.,* 353 F.3d 1038, 1041 (8th Cir. 2004); *Walker v. Mo. Dept. of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000). Similarly, in a § 1983 action, a prisoner cannot maintain a respondeat superior theory of liability against a corporation, such as CMS, based upon the allegedly wrongful actions of its employees. *See Burke v. North Dakota Dept. of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). Rather, a corporation, acting under color of state law, can be held liable, in a § 1983 action, only for its unconstitutional policies or practices. *Id.* Thus, CMS can be held liable only if "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993). Plaintiff has made no such allegations in this case. Thus, the Delta Regional

---

[5] In the May 16, 2011 Order, the Court specifically directed Plaintiff to provide the names of the *prison officials* who personally participated in each constitutional violation, and to explain how each of those individuals did so. *See* docket entry #3 at 4 (emphasis added).

Unit and CMS are not proper Defendants.

Second, Plaintiff has named ADC Director Ray Hobbs as a Defendant.[6] However, his only allegation against Defendant Hobbs is that, as the ADC Director, he "should have known" about the alleged constitutional violations Plaintiff was enduring. *See* docket entry #5 at 3. The Eighth Circuit has held, on several occasions, that mere negligence is insufficient to sustain a § 1983 claim. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) (same).

Similarly, Plaintiff cannot premise his § 1983 claim against Defendant Hobbs on a theory of respondeat superior liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (U.S. 2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Instead, Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. Plaintiff has not raised any such allegations.

---

[6] In the May 16, 2011 Order, the Court directed Plaintiff to explain "how Defendant Ray Hobbs personally participated in each alleged constitutional violation."

Third, Plaintiff has named Delta Regional Unit Warden Mark Cashion as a Defendant.[7] Despite having been instructed to do so, Plaintiff has not explained how Defendant Cashion personally participated in the alleged denial of his request for mental health care, or otherwise explained how he was involved with any of the other alleged constitutional violations raised in this case. Thus, Plaintiff has failed to state a viable § 1983 claim against Defendant Cashion.

Finally, Plaintiff has named Cummins Unit Warden Gaylon Lay as a Defendant. *See* docket entry #5. However, it is clear from the Amended Complaint that the alleged lack of mental health care occurred at the Delta Regional Unit, and not the Cummins Unit. *Id.* Thus, Plaintiff has failed to state a viable § 1983 claim against Defendant Lay.

Accordingly, Plaintiff's inadequate mental health care claim should be dismissed, without prejudice, as to all the named Defendants.

## C.   Plaintiff's Claims Regarding his Poor Eyesight

Plaintiff contends that he has *unspecified* vision problems that make it impossible for him to read documents unless he "holds the paper six inches from my

---

[7] In the May 16, 2011 Order, the Court directed Plaintiff to provide the "names of any other prison officials who personally participated in each constitutional violation" and to explain "how they did so." *See* docket entry #3 at 4.

face." *See* docket entry #5 at 2.[8]  *See* docket entry #6.   On March 31, 2011, Plaintiff was required to take a written exam in one of his educational classes at the Delta Regional Unit.  *Id.*   Because he could not read the exam, he intentionally refused to take it.  *Id.*   A prison teacher gave Plaintiff a pair of glasses and instructed him to take the test. *Id.*   Plaintiff continued to refuse to do so.  Accordingly, he was convicted of a disciplinary infraction for disobeying a direct order.  *Id.*

Construing Plaintiff's pleadings broadly, it appears that he is alleging that *unspecified* prison official subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, by requiring him to take a test, despite his protests that his vision problems prevented him from reading the questions.  Clearly, these allegations do not rise to the level of an Eighth Amendment violation.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (explaining that, to state a viable Eighth Amendment, a prisoner must allege that: (1)

---

[8] In the May 16, 2011 Order, the Court directed Plaintiff to explain: (1) his "current vision diagnosis;" (2) "whether the condition is corrected with glassses;" (3) "whether school officials are accommodating his vision problems. . . by providing him with large print or assistance of a reader;" and (4) how he was "able to prepare his legible, handwritten Complaint, despite his alleged vision problems."  *See* docket entry #3 at 4.

objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation).

Finally, Plaintiff alleges that *unspecified* Defendants violated his due process rights, as protected by the Fourteenth Amendment, when they wrongfully convicted him of the March 31, 2011 disciplinary charge. *See* docket entry #2 and #5.

A prisoner may only maintain a due process challenge to a disciplinary proceeding if he is deemed to have a liberty interest at stake. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Although he was directed to do so, Plaintiff has not specified the punishment he received as a result of the March 31, 2011 disciplinary charge.[9] *See* docket entry #3, at 4. Thus, Plaintiff has failed to state a viable Fourteenth Amendment claim.

Finally, even if Plaintiff had raised any legally viable claims in regard to his poor eyesight, he has failed to name any proper Defendants. Accordingly, all of these

---

[9] It is well settled that the temporary placement in punitive isolation and/or a reduction in class – which are the most common punishments issued for disciplinary convictions – do not give rise to a liberty interest under the Fourteenth Amendment. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

claims should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 21st day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE